## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**TERENCE BOYD**                                              **PETITIONER**

**V.**                                                  **NO. 1:09CV172-A-D**

**STATE OF MISSISSIPPI, et al.**                              **RESPONDENTS**

## ORDER TRANSFERRING CASE TO THE FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court, *sua sponte*, for transfer of this cause. Terence Boyd, inmate number R3011, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since the Petitioner's conviction in 1997, Boyd has unsuccessfully pursued habeas relief in this court regarding the same conviction he is currently attempting to challenge. *See Boyd v. Armstrong*, No. 1:01CV65-GHD; *Boyd v. State of Miss.*, No. 1:05MC22; *Boyd v. State of Miss.*, No. 1:07cv292-M-D.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. One of the changes dealt with second or successive writs. A check of the court's records indicates that the Petitioner has filed at least one other unsuccessful § 2254 motion concerning the same conviction which he is now seeking to challenge.

The AEDPA requires that before a district court considers a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no showing that the Petitioner has obtained such an order. Rather, than dismissing the petition on this basis, the Fifth Circuit has allowed district courts to transfer the petition for consideration pursuant to 28 U.S.C. §

2244(a) and (b)(3)(A).  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).  Therefore, in the interest of justice and judicial economy, it is hereby

**ORDERED:**

(1) this petition shall be transferred to the Fifth Circuit Court of Appeals where Boyd  must seek permission to file this successive § 2254 petition; and

(2) the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(A), and *In re Epps*, 127 F.3d at 365;

(3) this matter is CLOSED.

THIS the ___25th___ day of August, 2009.


   /s/ Sharion Aycock_____
SHARION AYCOCK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI